Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Theodore W. Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

Graham B. LippSmith, SBN 221984
glippsmith@klwtlaw.com
Jaclyn L. Anderson, SBN 258609
janderson@klwtlaw.com
Frank A. Perez, SBN 305832
fperez@klwtlaw.com
**KASDAN LIPPSMITH WEBER TURNER LLP**
360 East 2nd Street, Suite 300
Los Angeles, California 90012
Tel: (213) 254-4800
Fax: (213) 254-4801

Attorneys for Plaintiff and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRANKLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRINKER INTERNATIONAL, INC. d/b/a CHILI'S GRILL & BAR; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 18-5323<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT AND DEMAND FOR JURY TRIAL

# COMPLAINT

Plaintiff Michael Franklin ("Plaintiff"), individually and on behalf of the proposed class described below, brings this action for injunctive relief, and actual and statutory damages against Defendant Brinker International, Inc. d/b/a Chili's Grill & Bar ("Brinker") inclusive, and alleges the following on information and belief:

## THE PARTIES

1. Plaintiff is a citizen and current resident of Los Angeles County, California.

2. Defendant Brinker is a Delaware Corporation with its principal place of business located at 6820 LBJ Freeway, Dallas, TX 75240.

3. The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

4. Brinker and DOES 1 through 50 are collectively referred to herein as "Defendants."

5. At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator, and/or joint venturer of each of the other Defendants herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to Plaintiff. Each of Defendants 1 through 50 is responsible, legally, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff and the Classes as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants or employees or in some other manner.

6. There exists and, at all times herein mentioned there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased, and these Defendants are the alter egos of the other certain Defendants and exerted control over those Defendants. Adherence to the

fiction of the separate existence of these certain Defendants as entities distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or promote injustice.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this class action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and cost, and the action is between citizens of different states.

8. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), given that the amount in controversy exceeds $5 million, and there are more than 100 putative class members, some of whom are citizens of states different from that of Defendants.

9. Venue in the United States District Court for the Central District of California is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims and causes of action occurred in this judicial district.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23 and on behalf of a nationwide class defined as follows:

> All U.S. residents who made a debit or credit card purchase at a Chili's restaurant from March 2017 through April 2017 (the "Class," or the "Nationwide Class").

11. Plaintiff further brings this case as a class action on behalf of a statewide subclass defined as follows:

> All California residents who made a debit or credit card purchase at a Chili's restaurant from March 2017 through April 2017 (the "California Class").

12. **Exclusions from the Class.** Plaintiff specifically excludes from the Class all defendants, defendants' subsidiaries or affiliates, entities in which any defendant has a controlling interest, and any and all of defendants' employees, affiliates, legal representatives, successors or assignees. Plaintiff also excludes from the Class any judicial officers assigned to

this case and their immediate family members.

13. **Ascertainability.** Plaintiff brings this action on behalf of himself and on behalf the Class, which is comprised of members identified by the class definition.

14. **Numerosity.** The members of the Class are so numerous that their joinder would be impracticable, and disposition of their claims in a class action rather than in individual actions would benefit the parties and the courts.

15. **Means for Identification.** Reasonably available means of identifying class members (at the appropriate time following class certification) exist.

16. **Community of Interest -- Commonality.** There is a well-defined community of interest amongst the members of the Class in the questions of law. Questions of fact and law predominate and include but are not limited to the following:

- Whether Defendants were negligent in safeguarding Class Members' debit or credit card information.
- Whether Defendants were negligent in storing Class Members' debit or credit card information for longer than necessary.
- Whether Defendants negligently failed to implement and maintain commercially reasonable procedures to ensure the security of Class Members' debit or credit card information;
- Whether Defendants owed a duty to protect Class Members' debit or credit card information ;
- Whether Defendants have a special relationship with Class Members giving rise to a tort duty to protect their debit or credit card information;
- Whether Defendants, after discovering the data breach, negligently failed to take steps to: (i) promptly notify Class Members; and (ii) protect Class Members in a timely manner;
- Whether Defendants should be required to pay damages for compromising Class Members' debit or credit card information; and
- Whether Defendants should be required to pay the reasonable cost of credit monitoring services for Class Members.

17. **Community of Interest – Typicality.** The named Plaintiff's claims are typical of

1  those of the Class.

2      18.    **Community of Interest – Adequacy of Class Representatives.** The named Plaintiff can fairly and adequately represent the Class because he is a Class Member, has claims that are typical of the Class, and there is no reason why he cannot adequately represent the Class.

    19.    **Community of Interest – Adequacy of Counsel.** Counsel for Plaintiff are competent, qualified, and experienced in large class actions, multiparty complex cases and product defect cases, and there is no reason why they cannot adequately represent the Class.

    20.    **Impracticability of joinder.** Joinder of the unnamed Class Members on an individual basis would be impracticable in light of their number and their locations throughout the State of California.

    21.    **No Better Remedy.** There is no plain, speedy, or adequate remedy other than by maintenance of this Class since the damage to each victim is relatively small, making it economically infeasible to pursue lawful remedies other than by a class action. The Class would be superior to individualized actions for the fair and efficient adjudication of this controversy.

    22.    **No Individualized Defenses.** There are no predominately unique or individualized defenses anticipated in this action that might be asserted against Plaintiff individually, as distinguished from the Class.

    23.    **Fees.** Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to the Class. This action will result in the enforcement of important rights supported by strong public policy affecting the public interest, conferring a significant benefit to the general public and a large class of persons.

## FACTUAL ALLEGATIONS

    24.    On May 12, 2018, Brinker issued a public notice[1] wherein the company claimed that on May 11, 2018 it "learned that some of [their] Guests' payment card information was compromised at certain Chili's restaurants as the result of a data incident." According to Brinker,

---

[1] Brinker International News Releases, *Notice of Unauthorized Access to Chili's Grill & Bar Guest Data*, available at http://brinker.mediaroom.com/ChilisDataIncident (last visited June 12, 2018).

"the data incident was limited between March – April 2018."

25. Between March and April 2018, Plaintiff visited the Chili's restaurant located at 4931 Candlewood Street, Lakewood, CA 90712 on approximately three occasions. During these visits, Plaintiff made debit and credit card purchases. For one, Plaintiff made a credit card purchase at the Lakewood Chili's on April 21, 2018.

26. On May 17, 2018, Plaintiff's bank sent him a fraud alert e-mail informing him of several unauthorized, attempted credit card transactions.

27. Defendant has yet to issue individual notifications to those affected by this data breach, alerting them to the danger they face and informing them as to precisely what information was compromised.

28. On information and belief, Brinker negligently stored Plaintiff's debit and credit card information for far longer than was reasonably necessary to complete the transaction(s), negligently safeguarded Plaintiff's information, and failed to put in place industry standard procedures for detecting and preventing unauthorized access to and dissemination of Plaintiff's credit and debit card information. As a result of Brinker's negligence, Plaintiff's credit card information was stolen by unknown parties.

## FIRST CAUSE OF ACTION

### Negligence

**(On Behalf of the Nationwide Class Against All Defendants)**

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this complaint as if fully set forth herein.

30. Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in safeguarding, securing and protecting Plaintiff's and the Class Members' debit and credit card information from, among other failures, being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

31. Defendants also owed a duty to Plaintiff and the Class Members to have commercially reasonable procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' debit and credit card information.

32. Defendants, through their actions and/or omissions, failed to exercise reasonable care and breached each and every one of their duties owed to Plaintiff and Class Members.

33. Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce." Defendants violated Section 5 by failing to have industry standard procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' debit and credit card information.

34. Plaintiff and Class Members are within the class of persons that the FTC Act was intended to protect, and the harm that they suffered is the type of harm that the Act was intended to guard against.

35. Defendant's breaches of duties owed to Plaintiff and Class Members proximately and directly caused Plaintiff's and Class Members' past and future injuries.

36. Plaintiff and Class Members suffered actual past injuries, including economic injuries, and will suffer future injuries as a result of Defendants' negligence.

## SECOND CAUSE OF ACTION

### Breach of Implied Contract

**(On Behalf of the Nationwide Class Against All Defendants)**

37. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this complaint as if fully set forth herein.

38. Defendants offered to and undertook duties to, among other obligations, reasonably safeguard Plaintiff's and Class Members' credit and debit card information.

39. By providing their credit and debit card information, Plaintiff and the Class Members accepted Defendants' offer.

40. Defendants, Plaintiff and the Class Members entered into implied contracts with Defendants whereby Defendants offered to undertake and undertook duties to, among other

obligations, reasonably safeguard Plaintiff's and Class Members' credit and debit card information and process such information in a manner so as not to permit third parties to access it.

41. Defendants, Plaintiff and Class Members mutually intended to be bound by their implied contract.

42. There was consideration for the implied contract between Defendants, Plaintiff and Class Members, including but not limited to Defendants' receipt of payments for their restaurant services.

43. Defendants breached the implied contracts with Plaintiff and Class Members.

44. Plaintiff and Class Members suffered actual injuries, including economic injuries, and will suffer future injuries as a direct and proximate result of Defendants' breach of implied contracts.

## THIRD CAUSE OF ACTION

**Violations of the California Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200,** *et seq.*

**(On Behalf of the California Class Against All Defendants)**

45. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this complaint as if fully set forth herein.

46. Defendants' misconduct constitutes unfair, unlawful and fraudulent business practices within the meaning of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").

47. Defendants' misconduct violated several laws alleged and therefore violated the UCL.

48. Defendants' statements concerning its abilities to properly safeguard Plaintiff and Class Members' credit and debit card information were fraudulent and therefore also violated the UCL.

49. Defendants' failure to safeguard Plaintiff and Class Members' credit and debit card information was unfair and therefore also violated the UCL.

50. Plaintiff and Class Members suffered actual injuries, including economic injuries, and will suffer future injuries as a direct and proximate result of Defendants' violations of the UCL.

51. Defendants were guilty of oppression, fraud, and/or malice in that Defendants acted and/or failed to act with a willful and conscious disregard of the rights of Plaintiff and the Class Members. Plaintiff and the Class Members therefore seek punitive damages on behalf of themselves and the Class.

**FOURTH CAUSE OF ACTION**

**Violations of the California Customer Records Act**

**Cal. Civ. Code § 1798.80,** *et seq.*

**(On Behalf of the California Class Against All Defendants)**

52. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this complaint as if fully set forth herein.

53. Defendants' misconduct resulted in a "breach of the security system", within the meaning of Section 1798.82(g) of the California Consumer Records Act, Cal. Civ. Code § 1798.80, *et seq*.

54. Defendants lost Plaintiff and the Class Members' "personal information" within the meaning of Cal. Civ. Code § 1798.80 (e).

55. Among other misconduct, Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach of the system(s) holding Plaintiff's and Class Members' credit and debit card information.

56. Defendants unreasonably delayed in informing Plaintiff and Class Members regarding the security breach of Plaintiff's and Class Members' credit and debit card information after Defendants knew the data breach had occurred.

57. Defendants failed to disclose to Plaintiff and Class Members, without unreasonable delay, and in the most expedient time possible, the security breach of their debit and credit card information when Defendants knew or reasonably believed such information had been compromised.

58. Upon information and belief, no law enforcement agency instructed Defendants that notification to Class Members would impede investigation.

59. Plaintiff and Class Members suffered actual injuries, including economic injuries, including economic injuries, and will suffer future injuries as a direct and proximate result of Defendants' violations of Cal. Civ. Code § 1798.80 *et seq*.

60. Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) damages suffered by Class Members as alleged above; (b) statutory damages for Defendants' willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; and (c) equitable relief.

61. Plaintiff, individually and on behalf of the Class, also seeks reasonable attorneys' fees and costs under Cal. Civ. Code § 1798.84(g).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff and the Class respectfully request the following and pray for judgment as follows:

1. For a declaration that this lawsuit may be properly maintained as a class action and certifying the Class claims herein;

2. For general damages according to proof;

3. For special damages according to proof;

4. For restitution in amounts according to proof;

5. For injunctive relief, including orders (1) compelling Defendants to institute appropriate data collection and safeguarding methods and policies with regard to consumer information; and (2) compelling Defendants to provide detailed and specific disclosure of what types of data have been compromised as a result of the data breach;

6. For any other available penalties for each illegal or fraudulent business act or practice, including but not limited to those provided for violations of Cal. Civ. Code § 1798.84;

7. For costs and expenses of suit incurred herein, including investigative costs;

8. For attorneys' fees;

9. For punitive damages;

10. For prejudgment and postjudgment interest; and

11. Such other and further relief as is proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial for all issues so triable.

Dated: June 14, 2018      **AHDOOT & WOLFSON, PC**

    /s/ Tina Wolfson
Theodore W. Maya
Tina Wolfson
Robert Ahdoot

KASDAN LIPPSMITH WEBER TURNER LLP

Graham B. LippSmith
Jaclyn L. Anderson
Frank A. Perez

Attorneys for Plaintiff and the Class